IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Jaylyn Green, | ) | Case No. 8:24-cv-03621-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Aubrey Seabrook and Kansas Dobb, | ) | |
| | ) | |
| Defendants. | ) | |

_____

      This matter is before the Court upon Plaintiff's complaint alleging civil rights violations. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings and a Report and Recommendation ("Report"). On January 31, 2025, Defendants filed a motion to dismiss or, in the alternative, for summary judgment. ECF No. 39. On February 3, 2025, this Court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), advising Plaintiff of the summary judgment/dismissal procedure and the possible consequences for failing to respond adequately. ECF No. 41. Plaintiff did not file a response. The Magistrate Judge issued two additional orders granting Plaintiff additional time to respond. ECF Nos. 46, 52. Plaintiff has not yet filed a response to Defendants' motion. On June 16, 2025, the Magistrate Judge issued a Report recommending that this action be dismissed for failure

to prosecute pursuant to Federal Rule of Civil Procedure 41(b).[1]  ECF No. 55.  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so.  Plaintiff has not filed objections to the Report and the time to do so has lapsed.[2]

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

---

[1] Alternatively, the Magistrate Judge recommends construing Defendants' motion as one for summary judgment and further recommends granting that motion.  Because the Court finds that dismissal pursuant to Rule 41(b) is appropriate, the Court does not reach this portion of the Report.

[2] The Court notes that the Magistrate Judge mailed the Report to two addresses. ECF No. 56.  One copy of the Report has been returned as undeliverable.  ECF No. 58.

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the Report's recommendation. This action is **DISMISSED** with prejudice pursuant to Rule 41(b).[3]

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

September 5, 2025
Spartanburg, South Carolina

---

[3] Defendants' motion to dismiss or, in the alternative, for summary judgment [39] is found as moot.